JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAELYNN JANELL BANISTER,<br><br>  Plaintiff,<br><br>  v.<br><br>WALMART, INC. and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No.: CV 19-09902-CJC(Ex)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 10]** |

## I. INTRODUCTION & BACKGROUND

On May 3, 2019, Plaintiff Braelynn Banister brought this personal injury tort action against Walmart, Inc. ("Walmart") and Does 1 through 100 in Kern County Superior Court. (Dkt. 1-3 [Complaint, hereinafter "Compl."].) Plaintiff alleges that she slipped and fell at a Walmart location in Bakersfield, California and that Walmart's negligently maintained premises caused her fall and resulting injuries. (*Id.*)

-1-

Plaintiff's Complaint does not contain information regarding her citizenship or the damages she is seeking. (*Id.*) After receiving Plaintiff's interrogatory responses during discovery, Walmart removed the case to this Court, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiff's motion to remand. (Dkt. 10 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

**II. DISCUSSION**

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The proper venue for a removed action is "the district court of the United States for the district and division embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a).

Plaintiff filed this action in Kern County Superior Court and the parties engaged in discovery there prior to Walmart's removal to the Central District of California. (Compl.) However, the federal district embracing Kern County is the Eastern District of California, not the Central District of California. *See* 28 U.S.C. § 84(b) ("The Eastern District comprises the counties of Alpine, Amador, Butte, Calaveras, Colusa, El Dorado, Fresno, Glenn, Inyo, Kern . . ."). Accordingly, Walmart's removal to the Central District was improper and the case is remanded for improper venue. *See Timm & Meister LLC v.*

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 27, 2020, at 1:30 p.m. is hereby vacated and off calendar.

*Martinez*, 2019 WL 2539404, at *2 (C.D. Cal. June 20, 2019) (remanding a case when plaintiff initiated it in Kern County Superior Court but defendant removed it to the Central District instead of the Eastern District).

## III. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to Kern County Superior Court.

DATED: January 14, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE